UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| UBS Financial Services, Inc., | |
| Plaintiff, | Civil Action No.:_____ |
| v. | |
| Nancy Ulrick, in her individual capacity, and Candy Loura, in her individual capacity, in her capacity as Personal Representative of the Estate of Dale Boncutter, and in her capacity as Successor Trustee of the Dale A. Boncutter Trust | |
| Defendants. | |

## COMPLAINT FOR INTERPLEADER

Plaintiff, UBS Financial Services, Inc. ("UBS"), by counsel, brings the following Complaint for Interpleader against Defendants Nancy Ulrick and Candy Loura, the latter in her individual capacity, as the Personal Representative of the Estate of Dale Boncutter, and as the Successor Trustee of the Dale A. Boncutter Trust, and in support of same states the following:

### PARTIES

1.     UBS is a brokerage firm organized and existing under the laws of Delaware with its principal place of business at 1000 Harbor Boulevard, Weehawken, New Jersey 07086. UBS's affiliated branch location in Cincinnati, Ohio is custodian of accounts that were owned by Dale A. Boncutter during his life, and accounts owned by Nancy Ulrick that contain assets transferred from the Boncutter accounts upon Boncutter's death.

2.      Upon information and belief, Nancy Ulrick is a resident of Hamilton County, Ohio, and was the spouse of Dale A. Boncutter, deceased, at the time of his passing.

3.      Upon information and belief, Candy Loura is a resident of Marion County, Florida, is the primary beneficiary under the Last Will and Testament of Dale A. Boncutter, the primary beneficiary and Successor Trustee under a trust established by Dale A. Boncutter ("Boncutter Trust"), and the Personal Representative of the Estate of Dale A. Boncutter.

4.      Upon information and belief, the Estate of Dale A. Boncutter is a closed probate estate, which was the subject of two probate proceedings in Marion County, Florida, both of which public records indicate are closed proceedings. The first was filed on July 27, 2016 by Candy Loura as "Trustee," Dale A. Boncutter as "Decedent," and the docket indicates the purpose of the action was to file a "Probate Notice of Trust." The second was filed on February 7, 2018 by Candy Loura as "Depositor," Dale A. Boncutter as "Decedent," and the docket indicates Loura filed an "Original Last Will and Testament."

## JURISDICTION AND VENUE

5.      This action is brought pursuant to the provisions of 28 U.S.C. §§ 1335 and 2361.

6.      This Court has jurisdiction in this matter under 28 U.S.C. § 1335 because this is an interpleader action involving a dispute over the superior ownership of and right to funds in Individual Retirement Arrangement ("IRA") accounts and other transfer-on-death accounts in an amount greater than $500, there are at least two Defendants of diverse citizenship with adverse claims to the assets, and UBS seeks to give a bond payable to the clerk of the Court in the amount and with the surety that the Court deems proper.

7.     Venue is proper in the Court under (*i*) 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district, and (*ii*) 28 U.S.C. § 1397 because at least one defendant claiming right to the disputed funds resides in this judicial district.

## SUMMARY OF ADVERSE CLAIMS

*Nancy Ulrick Receives Her Deceased Husband's IRA Account Assets Upon His Death.*

8.     Nancy Ulrick is the widow of Dale A. Boncutter, who died on or about May 17, 2016 in Ocala, Marion County, Florida.

9.     Prior to his death, Dale A. Boncutter possessed a UBS Traditional IRA account, designated by the UBS account number XX XX815 (the "Boncutter IRA Account"). The Boncutter IRA Account was opened, managed, and administered by UBS in its office in Cincinnati, Ohio.

10.     The Boncutter IRA Account was what is known as a "transfer-upon-death" account, meaning that by contract between UBS and Dale A. Boncutter, the Boncutter IRA Account would automatically transfer to the designated beneficiary(ies) listed on the account in UBS's records upon receipt by UBS of appropriate notice and proof of Dale A. Boncutter death, and fulfillment of certain other required administrative steps necessary for the beneficiary(ies) to receive the assets.

11.     Upon information and belief, prior to his death, on or about December 28, 2005, Dale A. Boncutter designated Candy Loura as 100% beneficiary of the assets in the Boncutter IRA Account. **(Ex. A.)**

12.     Upon information and belief, prior to his death, on or about July 14, 2007, Dale A. Boncutter designated Nancy Ulrick and Candy Loura each as 50% beneficiaries of the assets in the Boncutter IRA Account. **(Ex. B.)**

13.     Upon information and belief, prior to his death, on or about August 18, 2014, Dale A. Boncutter designated Nancy Ulrick as 100% beneficiary of the assets in the Boncutter IRA Account. **(Ex. C.)**

14.     On or about May 25, 2016, UBS received notification that Dale A. Boncutter had died on May 17, 2016.

15.     At the time that UBS received notification of Dale A. Boncutter's death, the value of the Boncutter IRA Account was approximately $407,644.53.

16.     Following UBS's receipt of notification of Dale A. Boncutter's death, on or about June 15, 2016, the sole beneficiary listed on the Boncutter IRA Account according to UBS's records, Nancy Ulrick, completed and submitted the appropriate UBS IRA Beneficiary Spousal Rollover Forms to process the transfer of the assets of the Boncutter IRA Account. Nancy Ulrick's submission of the IRA Beneficiary Spousal Rollover Forms caused UBS to open the following relevant new UBS accounts: (*i*) an IRA account called "Nancy Ulrick Traditional IRA," designated by UBS account number XXXX907, which received the assets contained in the Boncutter IRA Account (the "Ulrick IRA Account"); and (*ii*) a Resource Management ("RMA") account, designated by UBS account number XXXX910, which was for the purpose of receiving required minimum distributions from the IRA assets payable each year in accordance with federal tax law and the account holder's elections (the "Ulrick RMA Account").

17.     By virtue of Nancy Ulrick's submission of the IRA Beneficiary Spousal Rollover Forms and the consequent opening of the Ulrick IRA Account and Ulrick RMA Account, in July and August 2016, the assets of the Boncutter IRA Account (account XXXX815) were transferred into the Ulrick IRA Account (account XXXX907) and the Ulrick RMA Account (account XXXX8910), as UBS was contractually obligated to do.

18.     The Ulrick IRA Account and Ulrick RMA Account remain active accounts under management and administration at UBS's Cincinnati, Ohio location.

*The Hamilton County, Ohio Probate Action.*

19.     On or about November 2, 2016, Candy Loura filed a Verified Complaint in the Court of Common Pleas, Probate Division, Hamilton County, Ohio, naming Nancy Ulrick and UBS as defendants. **(Ex. D.)** Loura sought a declaratory judgment that the August 18, 2014 beneficiary form, (Ex. C), was invalid and that, as a result, Loura remained the 100% beneficiary of the Boncutter IRA Account assets. Loura's Verified Complaint alleged that Dale A. Boncutter's signature on the August 18, 2014 beneficiary designation form was forged, causing the form to be invalid due to fraud. UBS was named to the action only as a custodian of the Boncutter IRA Account. This action will be referred to hereafter as the "Hamilton County Probate Action."

20.     Upon being served with the Verified Complaint in the Hamilton County Probate Action, UBS restricted the Ulrick IRA Account and Ulrick RMA Account.

21.     On November 11, 2017, Loura voluntarily dismissed UBS from the Hamilton County Probate Action.

22.     In December 2017, Candy Loura and Nancy Ulrick, through their respective counsel in the Hamilton County Probate Action, agreed to have UBS pay the 2017 required

minimum distribution from the Ulrick IRA Account into the trust account administered by Ulrick's counsel in that action.

23.     On February 8 and 9, 2018, Candy Loura and an unidentified man called the UBS offices in Cincinnati, Ohio to demand that UBS release the assets in or traced from the Boncutter IRA Account to her on the basis that the August 18, 2014 beneficiary designation form was fraudulent.

24.     On February 23, 2018, Candy Loura voluntarily dismissed the Hamilton County Probate Action. **(Ex. E.)** The claims and issues raised in the Hamilton Country Probate Action, including the core contention of fraud related to the Boncutter IRA Account, were not adjudicated prior to the voluntary dismissal of that action. On that same date, Nancy Ulrick, through counsel, demanded that UBS permit her unrestricted access to the Ulrick IRA Account and Ulrick RMA Account. (*Id.*)

25.     On February 25, 2018, Candy Loura and an unidentified man called undersigned counsel for UBS directly to state that despite her dismissal of the Hamilton County Probate Action she continues to believe that the August 18, 2014 beneficiary designation form was fraudulent due to forgery, and to demand that UBS not permit Nancy Ulrick any access to the assets traced to the Boncutter IRA Account and that she, Loura, was rightfully entitled to the assets.

26.     On March 3, 2018, Candy Loura emailed the UBS offices in Cincinnati, Ohio to request that UBS "freeze" all accounts at UBS that contain assets or monies traceable to the assets and monies owned by Dale A. Boncutter or the Boncutter Trust that are or were custodied at UBS. Loura represented that the accounts were subject to an ongoing investigation with the Marion County, Florida Sherriff's Department.

27.     On March 5, 2018, Nancy Ulrick called the UBS offices in Cincinnati, Ohio to attempt to transfer her UBS accounts away from UBS to another location on the basis that she had superior right to all the assets from the Boncutter IRA Account (and all other assets owned by Dale A. Boncutter and custodied at UBS at the time of Dale A. Boncutter's death).

***The Competing Claims to Assets Traceable to the Boncutter IRA Account.***

28.     By virtue of the above facts, a dispute has arisen between Nancy Ulrick and Candy Loura, in her individual capacity and as Personal Representative of the Estate of Dale A. Boncutter, as to who has superior right to the assets from the Boncutter IRA Account.

29.     Due to this dispute, it is entirely unclear whether UBS should permit Nancy Ulrick unrestricted access to the assets traceable to the Boncutter IRA Account, or whether UBS should not permit Ulrick such access and should instead transfer some or all the remaining assets traceable to the Boncutter IRA Account instead to an account to be owned and controlled by Loura. To be clear, UBS has restricted all access for deposits or withdrawals from the Ulrick IRA Account and the Ulrick RMA Account in order to preserve the assets in dispute pending resolution of this action or until further direction of the Court.

30.     When presented with competing obligations as to a single instrument or set of assets in its custody or possession, UBS should not be forced to pay one adverse claimant at its peril and risk multiple liability to the other adverse claimant.

31.     UBS seeks resolution of the conflicting claims in good faith, and states that it has no interest in the disputed assets other than fulfilling its obligations to pay the sums due

to the appropriate party. Accordingly, UBS is a disinterested stakeholder in this action and has no independent liability to any of the Defendants.

32.     UBS has no means other than this action of protecting itself against multiple claims as to the assets disputed between the Defendants.

33.     Because of the present controversy, UBS has had to retain undersigned counsel and has agreed to pay attorneys' fees and incur costs to pursue this action.

## CLAIMS FOR RELIEF

34.     Interpleader. UBS has a good-faith doubt as to whom the disputed assets in the Ulrick IRA Account and Ulrick RMA Account belong. UBS cannot provide Nancy Ulrick unrestricted access to the assets in the Ulrick IRA Account and Ulrick RMA Account without subjecting itself to the possibility of liability to Candy Loura for improperly transferring ownership of the assets to Ulrick. Conversely, UBS cannot transfer the assets in the Ulrick IRA Account and the Ulrick RMA Account into an account owned and controlled by Loura without subjecting itself to the possibility of liability to Ulrick for improperly transferring the assets to Loura. UBS is a disinterested stakeholder and claims no beneficial interest in the disputed assets, except for attorneys' fees and court and other costs incurred in connection with this Interpleader action. UBS has no independent liability to any Defendant in this action. UBS desires to give bond payable to the clerk of the Court in such amount and with such surety as the Court deems proper, and will do so upon order of the Court directing appropriately.

35.     Attorneys' Fees and Costs of Interpleader. UBS is entitled to its reasonable attorneys' fees and other costs incurred in connection with Interpleader action.

## PRAYER FOR RELIEF

Wherefore, UBS prays that this Complaint for Interpleader be deemed good and sufficient, and for the following relief:

(a)    That the Court grant UBS's Interpleader Claim, and forthcoming Motion to Interplead Bond, and direct UBS to give a bond in an amount certain and with a surety of UBS's choice or at the Court's direction, and for the Court to accept such bond into the registry of the Court;

(b)    That the Defendants, for themselves, their heirs, legal representatives, successors and assigns, and all other persons claiming by, through, or under them, be enjoined for the duration of this action from instituting or prosecuting any proceeding in any state or federal court that seeks to affect the status of the Ulrick IRA Account, and Ulrick RMA Account, and any past accounts related to Dale A. Boncutter;

(c)    That UBS be fully and finally discharged from all liability as to the disputed assets or amounts;

(d)    That the Defendants be ordered to interplead and settle between themselves their rights and liabilities for the Ulrick IRA Account and Ulrick RMA Account, and any other disputed assets or monies traceable to the Boncutter IRA Account or other Dale A. Boncutter accounts at UBS;

(e)    That upon final hearing or adjudication of this action, the Defendants, for themselves, their heirs, legal representatives, successors and assigns, and all other persons claiming by, through, or under them, be permanently enjoined from instituting or prosecuting any proceeding in any state or federal court against UBS and UBS's agents and representatives based on the assets in the Ulrick IRA Account and Ulrick RMA Account,

and any other disputed assets or monies traceable to the Boncutter IRA Account or other

Dale A. Boncutter accounts at UBS;

      (f)     That UBS recover from one or more of the Defendants its attorneys'

fees and all costs incurred in connection with pursuing this action;

      (g)     That UBS be awarded all additional relief to which it may, or the

Court determines it is, entitled.

      Respectfully Submitted,

      Stites & Harbison PLLC

      By: _Andrew J. Poltorak_
      Andrew J. Poltorak (Ohio Bar #0090228)
      100 East RiverCenter Boulevard, Ste. 450
      Covington, Kentucky 41011
      Tel: (859) 652-7606
      Fax: (859) 425-7887
      Email: apoltorak@stites.com

      *Trial Attorney*

      Kaplan Johnson Abate & Bird LLP
      Michael T. Leigh (*pro hac vice pending*)
      710 West Main Street
      Louisville, Kentucky 40202
      Tel: (502) 434-4243
      Fax: (502) 540-8282
      Email: mleigh@kplouisville.com

      *Counsel for UBS Financial Services, Inc.*

660746:1:LEXINGTON