# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UBS FINANCIAL SERVICES, INC., | : | Case No. 1:18-cv-178 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| NANCY ULRICK, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER: (1) DENYING REQUEST FOR ATTORNEY FEES; and (2) RELEASING NOMINAL BOND HELD BY CLERK

This civil case is before the Court on Interpleader Plaintiff UBS Financial Services, Inc.'s motion for attorney fees and costs (Doc. 31), and the responsive memorandum of Defendant Nancy Ulrick (Doc. 33).

## I.  BACKGROUND

The facts of this case were previously discussed in this Court's Order granting summary judgment on behalf of Defendant Ulrick and ordering that Ulrick was entitled to all assets in control of Interpleader Plaintiff UBS.  *See UBS Fin. Servs., Inc. v. Ulrick*, No. 1:18-CV-178, 2019 WL 295677 (S.D. Ohio Jan. 23, 2019).  The Court incorporates those facts herein.

In short, UBS brought this interpleader complaint to determine the correct beneficiary of certain investment/financials accounts owned by decedent Dale Boncutter and managed by UBS.  Each account was a "transfer on death account" to the named beneficiary.  About two years before his death, Boncutter named Ulrick, his surviving

spouse, as the 100% beneficiary. This removed his daughter, Defendant Candy Loura, as a beneficiary, who had previously been designated a 50% beneficiary along with Ulrick.

After his death, Ulrick informed UBS and started taking the necessary steps to take control of the accounts. UBS then transferred the assets into new accounts in Ulrick's name. Loura, meanwhile, contested the validity of the beneficiary change in the Probate Court of Hamilton County, Ohio. The Probate Court issued an injunction, which prevented Ulrick from spending, transferring, withdrawing, or converting any of the assets in the accounts. Ultimately, the parties reached a settlement, but prior to execution, Loura reneged. The Probate Court then dismissed the action.

Subsequently, Ulrick requested that UBS release the assets in the accounts to her. Loura, however, continued to contact UBS to dispute the funds. Instead of releasing the funds, UBS filed this interpleader action, stating it had a good-faith doubt as to whom the disputed assets belonged and that it could not release the assets to Ulrick without subjecting itself to possible liability of Loura.

On January 23, 2019, the Court granted summary judgment in Ulrick's favor, finding that Ulrick was entitled to all assets in control of UBS. Meanwhile, UBS filed the instant motion for attorney fees. In that motion, UBS states that it was a neutral custodian of the financial accounts and that it is entitled to be reimbursed $30,097.50 in fees and $2,000.30 in costs for bringing this action.

UBS does not state whether the fees and costs should be reimbursed by Ulrick, the accounts, or Loura. Ulrick opposes the request for fees to the extent UBS seeks to recover fees from her. Loura did not respond.

## II. LAW & ANALYSIS

An interpleader may be able to recover fees and costs for bringing the action:

> "Neither Rule 22 nor the interpleader statute contains an express reference to costs or attorney's fees." 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1719 (3d ed.2001). Nevertheless, "[a] federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so." *Id*. An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability. *Septembertide Publishing v. Stein and Day*, 884 F.2d 675 (2d Cir. 1989). The only limiting principle is reasonableness, and it is at the discretion of the Court to determine what award is appropriate. 7 Wright, Miller & Kane, *supra*, § 1719.

*Holmes v. Artists Rts. Enf't Corp. (AREC)*, 148 F. App'x 252, 259 (6th Cir. 2005). "[I]n determining reasonableness, courts have considered such factors as whether the interpleader action was necessary and whether the interpleader-plaintiff warned the other parties that it would seek attorneys' fees. *Ward v. Rawlake*, No. 2:14-CV-848, 2015 WL 4755206, at *2 (S.D. Ohio Aug. 10, 2015). *Compare Holmes*, 148 Fed. App'x. at 259 (awarding fees where plaintiff warned of its intent to seek the same), *with Great Am. Life Ins. Co. v. Dixon*, 20 F. Supp. 3d 613, 620 (S.D. Ohio 2014) (denying fees because interpleader action was unnecessary and party did not warn of its intent to seek fees), *aff'd on other grounds*, No. 14-3533 (6th Cir. June 05, 2015).

"[W]hether a court should allow a party who commences an interpleader action to recover his attorneys' fees and cost of the action is a matter committed to judicial

discretion and is rarely awarded as a matter of course." *Unum Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792, 794 (M.D. Tenn. 2001) (quotations omitted). Moreover, other courts have found exceptions to awarding attorney fees to an interpleader, such as when: (1) the interpleader "should not be compensated merely because conflicting claims to proceeds have arisen during the normal course of business," *Life Ins. Co. of N. Am. v. Bond*, No. 1:11-CV-146, 2013 WL 12178133, at *7 (S.D. Ohio Feb. 5, 2013) (collecting cases); (2) the interpleader is an interested stakeholder because "filing the interpleader action immunizes the company from further liability," *Unum Life Ins.*, 170 F. Supp. 2d at 794 (collecting cases); and (3) equitable considerations, including whether the fee award would deplete the fund at issue. *Id*.

Here, in its discretion, the Court denies UBS' request for fees and costs. First, UBS may have been disinterested in the amounts of the financial accounts, but UBS had a strong interest in avoiding further liability, particularly given the state court litigation. Second, it is not unrealistic that a financial institution, such as UBS, may be required to handle matters of conflicting beneficiary claims upon the death of an account holder in its ordinary course of business.

Moreover, Ulrick – whom this Court found entitled to all assets – opposes UBS' motion to the extent it seeks to recover the fees from her, including from the accounts at issue. (Doc. 33). Ulrick states that it would unfair and unequitable to require her to pay the fees, when Loura caused the delays and multiple proceedings. The Court agrees.

The Court recognizes that UBS has been required to litigate this action twice – in state court and now here – and that UBS was required to incur additional fees based on

Loura's filings in this federal action.  But, if the Court were to award fees in this case, the fees would be taken from the interpleaded amounts belonging to Ulrick.  It would be unreasonable to require Ulrick, who did not delay and has constituently taken the necessary steps to take control of <u>her</u> accounts, to reimburse UBS its requested $30,097.50 in fees and $2,000.30 in costs for bringing this action.  And, the Court is not inclined to assess a fee award against Loura, which award would be punitive in nature.

Accordingly, UBS' motion for attorney fees and costs is **DENIED**.

As a final matter, also before the Court is the $1.00 nominal bond deposited by UBS with the Clerk of Courts. (*See* Doc. 27).  The Clerk of Courts still holds that bond. UBS and Ulrick have both instructed the Clerk of Courts via email that the bond should be released to Ulrick.[1]  Accordingly, the Clerk is **INSTRUCTED** to send the bond amount to Ulrick.

## IV.  CONCLUSION

Based upon the foregoing, UBS' motion for attorney fees and costs (Doc. 30) is **DENIED**.  Moreover, the Clerk **SHALL** release the nominal bond to Ulrick.  The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date:   8/24/2021                                    *s/Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge

---

[1] The email exchange is on file with the Court.